IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN OVALLE SOLIS,<br><br>Defendant. | **8:23CR215**<br><br><br>**MEMORANDUM<br>AND ORDER** |

This matter is before the Court on defendant Jonathan Ovalle Solis's ("Ovalle Solis") *pro se* Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 (Filing No. 452). After conducting an initial review, the Court must deny the motion because the record plainly refutes his claim. *See Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003).

A § 2255 motion does not provide a remedy for "all claimed errors in conviction and sentencing." *Sun Bear v. United States*, 644 F.3d 700, 705 (8th Cir. 2011) (en banc) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Instead, its relief is limited to cases where the sentence violates the "Constitution or laws of the United States"; the Court lacked "jurisdiction to impose such sentence"; the sentence exceeded the "maximum authorized by law"; or the sentence "is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255. "[Ovalle Solis] bears the burden of showing that he is entitled to relief under § 2255." *Walker v. United States*, 900 F.3d 1012, 1015 (8th Cir. 2018).

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court, the Court must complete a preliminary review of a defendant's § 2255 motion. If "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," then the Court "must dismiss the petition." *Id.*; *see Sanders*, 341 F.3d at 722 (noting a § 2255 motion "can be

dismissed without a hearing if . . . the allegations cannot be accepted as true because they are contradicted by the record").

Ovalle Solis only raises one ground for relief. He claims his counsel was "ineffective for failing to object to a two-level enhancement under U.S.S.G. § 2D1.1(b)(5) (importation of methamphetamine)" which he says resulted in him receiving a longer sentence. The record tells a different story.

Before the sentencing hearing, Ovalle Solis's counsel moved for downward departure/variance (Filing No. 314), objecting to, among other things, the two-point importation enhancement in Ovalle Solis's presentence investigation report (Filing No. 317). At the sentencing hearing (Filing No. 320), the Court fully considered Ovalle Solis's objections and his counsel's well-structured arguments. Ultimately, however, the Court overruled the objection, finding the importation enhancement properly applied to Ovalle Solis's case. Because the record refutes the sole ground for relief, summary dismissal is required. *See Sanders*, 341 F.3d at 722. Accordingly,

IT IS ORDERED:
1. Defendant Jonathan Ovalle Solis's *pro se* motion to vacate under 28 U.S.C. § 2255 (Filing No. 452) is denied and dismissed with prejudice.
2. A separate judgment will issue.
3. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant.

Dated this 21st day of April 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

2